UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL LOAN CENTER, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-03487-JCS<br><br>**ORDER REVIEWING COMPLAINT UNDER 28 U.S.C. §  1915 AND DISMISSING IN PART WITH LEAVE TO AMEND** |

## I.　INTRODUCTION

Plaintiff John Brosnan filed this pro se action against Defendants National Loan Center, Lendio.com, Lendio Incorporated.com, BusinessBounce.com and Jason Katz, asserting claims under the Telephone Consumer Protection Act ("TCPA") and the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227.  Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.  *See Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).   Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).   For the reasons stated below, the Court dismisses Plaintiff's complaint as to all Defendants except National Loan Center with leave to amend.

## II.　THE COMPLAINT

Plaintiff John Brosnan is a California resident.  Comp. ¶ 9.  He alleges that Defendant National Loan Center "is an unknown business type that makes loans." *Id*. ¶ 10.  He further

alleges that Lendio, Inc.[1] is a Delaware Corporation that operates in Utah, that Lendio.com is a commercial website operated by Lendio, Inc., that BusinessBounce.com is "a commercial website involved in the making of loans," and that Jason Katz works at BusinessBounce.com. *Id.* ¶¶ 11-14.

Plaintiff alleges in his complaint that "[b]eginning in March of 2014, [he] began receiving Robocalls and Spoofed Calls from Defendants." *Id.* ¶ 30. According to Plaintiff, a robocall is a "prerecorded sales pitch phone call made to a consumer without first obtaining authorization from the consumer." *Id.* ¶ 16. A "Spoofed Call" is one where the caller "deliberately falsif[ies] the telephone number and/or name relayed as the Caller ID information to disguise the identity of the calling party." *Id.* ¶ 27. Plaintiff alleges on information and belief that Defendants used an "automatic telephone dialing system" to make the calls. *Id.* ¶ 36. According to Plaintiff, the calls were solicitations and were not made for emergency purposes, he has no prior business relationship with Defendants, and he did not give prior consent to receive the calls. *Id.* ¶¶ 38-41.

Plaintiff alleges that when he answered the calls, "a prerecorded message and/or artificial voice identified the caller as Cherise" and stated that "the call was regarding the National Loan Center and the making of loans." *Id.* ¶¶ 31-33. Plaintiff alleges that "[t]o date, [he] has received numerous Robocalls and Spoofed calls from Defendants" and that the "initial Robocalls provided no information as to the caller or anyway [sic] to end the Robocalls." *Id.* ¶¶ 42, 44. In order to discover the identity of the caller and stop the calls, Plaintiff alleges, he responded to one of the calls "and was able to discover Defendants caused the Robocalls." *Id.* ¶ 45. He further alleges that he "telephonically contacted Defendants in an attempt to stop the calls from Defendants." *Id.* According to Plaintiff, "[e]ach time [he] telephonically contacted the Defendants, Plaintiff was unable to speak to a live person regarding stopping the Robocalls." *Id.*

Based on these factual allegations, Plaintiff asserts two claims against Defendants, for negligent and knowing and willful violations of 47 U.S.C. §§ 227(b) & (e).

---

[1] Plaintiff listed "Lendio Incorporated.com" in the caption of the complaint rather than "Lendio, Inc." As Plaintiff did not list "Lendio, Inc." as a defendant in the caption, the Court concludes that "Lendio, Inc." and "Lendio Incorporated.com" are meant to be the same entity. In this Order, the Court refers to that entity as "Lendio, Inc."

## III. ANALYSIS

### A. Legal Standard Under 28 U.S.C. § 1915

If a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is permitted to proceed in forma pauperis, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547).  Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. TCPA's Prohibition on Robocalls

The TCPA provides that "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or  made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice  . . . to any telephone number assigned to a . . . cellular telephone service. . ." 47 U.S.C. § 227(b)(1)(A)(iii).  Similarly, with limited exceptions, robocalls to residential telephone lines are also prohibited under the TCPA unless the recipient has given prior express consent to such calls. 47 U.S.C. § 227(b)(1)(B).   The recipient of calls that are in violation of subsection (b) may bring an action for injunctive relieve and/or actual or statutory damages. 47 U.S.C. § 227(b)(3). Damages may be trebled if the Court finds that the defendant "willfully or knowingly" violated

3

subsection (b). *Id*.

### C. TCIA's Prohibition on Spoofing

The TCIA makes it "unlawful for any person within the United States, in connection with any telecommunications service or IP-enabled voice service, to cause any caller identification service to knowingly transmit misleading or inaccurate caller identification information with the intent to defraud, cause harm, or wrongfully obtain anything of value . . . ." 47 U.S.C. § 227(e)(1). The TCIA provides that violations of this provision may give rise to criminal liability or a civil forfeiture penalty to the United States. 47 U.S.C. § 227(e)(5). The "chief legal officer of a State" may also bring a civil action to enforce the TCIA. 47 U.S.C. § 227(e)(6). There is no private right of action for violations of the TCIA, however. *See Clark v. Avatar Technologies Phl, Inc.*, No. CIV.A. H-13-2777, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014) (dismissing with prejudice claim for violation of § 227(e) based on "the language of the statute, the legislative history, governing legal authorities, and the absence of any case law holding that there is a private right of action under § 227(e)"); *Ghawi v. Law Offices Howard Lee Schiff, P.C.*, No. 3:13-CV-115 JBA, 2014 WL 6885141, at *6 (D. Conn. Dec. 1, 2014) (dismissing claim under § 227(e) on the basis that there is no private right of action under the TCIA).

### D. Whether Plaintiff's Claims Are Sufficiently Alleged

Plaintiff asserts two claims, each of which is based on alleged violations of both § 227(b), (prohibiting robocalling) and § 227(e) (prohibiting spoofing). The first claim is based on violations that are alleged to have been negligent, while the second claim is based on allegedly knowing and willful violations. To the extent there is no private right of action as to § 227(e), as discussed above, both of Plaintiff's claims fail and cannot be cured. The only remaining question is whether his claims are adequately alleged as to the violations of § 227(b).

Plaintiff has alleged that Defendants used an automatic dialing system to make robocalls to his telephone number for the purposes of solicitation without his prior express consent. In doing so, he has alleged the elements required to establish a violation of 47 U.S.C. § 227(b).[2] With the

---

[2] While it is not clear from Plaintiff's complaint whether the calls were made to a residential telephone or to a cellular telephone, the TCPA prohibits robocalls such as the ones alleged here

4

exception of Defendant National Loan Center, however, he has not alleged any specific facts that allow the Court to draw a plausible inference that any of the named Defendants had any connection with the conduct that allegedly violated the TCPA. In particular, under the standard of *Iqbal* and *Twombly*, Plaintiff's conclusory allegation that he was "able to discover Defendants caused the Robocalls" is not sufficient to show that Defendants Lendio.com, Lendio, Inc., BusinessBounce.com or Jason Katz were involved in the alleged violations of the TCPA. Therefore, the Court dismisses both of Plaintiff's claims, except as to Defendant National Loan Center, with leave to amend to allege specific facts as to the remaining Defendants.

## IV.   CONCLUSION

The Court dismisses with prejudice both of Plaintiff's claims to the extent they are based on alleged violations of 47 U.S.C. § 227(e), for which there is no private right of action. To the extent Plaintiff's claims are based on alleged violations of 47 U.S.C. § 227(b), the Court finds that they are sufficiently alleged as to National Loan Center only. As to the remaining defendants, Plaintiff has failed to allege sufficient facts to raise a plausible inference that these defendants violated 47 U.S.C. § 227(b). Plaintiff shall be permitted to file an amended complaint, within thirty (30) days of the date of this Order, to allege specific facts in support of his claims that Defendants Lendio.com, Lendio, Inc., BusinessBounce.com and Jason Katz violated 47 U.S.C. § 227(b).

**IT IS SO ORDERED.**

Dated: October 26, 2015

JOSEPH C. SPERO
Chief Magistrate Judge

---

either way, though one falls under § 227(b)(1)(A) while the other falls under § 227(b)(1)(B).

5