UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff,<br><br>v.<br><br>JASON KATZ,<br><br>    Defendant. | Case No. 15-cv-03487-JCS<br><br>**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT, DENYING MOTION FOR DEFAULT JUDGMENT AND SETTING CASE MANAGEMENT CONFERNCE FOR MAY 26, 2017 AT 2:00 P.M.**<br><br>Re: Dkt. Nos. 76, 80 |

## I. INTRODUCTION

Presently before the Court are: 1) Plaintiff's Motion for Default Judgment ("Default Judgment Motion"); and 2) a Motion to Set Aside Entry of Default (FRCP 55(c)) by Defendant Jason Katz ("Motion to Set Aside Default"). Both Plaintiff John Brosnan and the single remaining defendant, Jason Katz, have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). The Court held a hearing on the Default Judgment Motion on February 24, 2017 at 9:30 a.m. A hearing on the Motion to Set Aside Default was noticed for May 26, 2017 at 2:00 p.m. The Court finds that the Motion to Set Aside Default can be decided without a hearing and therefore vacates the motion hearing set for May 26, 2017 at 2:00 p.m. pursuant to Civil Local Rule 7-1(b). Instead, the Court will conduct a **Case Management Conference at the same date and time, that is, on May 26, 2017 at 2:00 p.m**. Parties may appear by telephone or in person at the Case Management Conference. Any party who wishes to appear by telephone should notify Karen Hom, Courtroom Deputy, at (415) 522-2035 by May 23, 2017 informing her of his intent to appear by telephone and providing a land line telephone

number where he can be reached at the time of the hearing.[1] For the reasons stated below, the Default Judgment Motion is DENIED. The Motion to Set Aside Default is GRANTED.

## II. BACKGROUND

Plaintiff filed his initial complaint in this action on June 25, 2015. In accordance with the terms of his supervised release in Case No. CR 10-00068 WHA, Plaintiff was required to submit his complaint for pre-filing screening to determine whether his complaint was frivolous. Judge Alsup reviewed the complaint and found that it did not appear to be frivolous on its face and therefore permitted Plaintiff to file the complaint. *See* Case No. MC 15-80182 WHA, Docket No. 2.

Plaintiff named as defendants National Loan Center, Lendio.com, Lendio Inc., Businessbounce.com and Jason Katz, alleging that they used an automatic dialing system to make robocalls to his telephone number for the purposes of solicitation without his prior express consent. In his original complaint, he asserted claims under the Telephone Consumer Protection Act ("TCPA") and the Truth in Caller ID Act ("TCIA"), 47 U.S.C. § 227(b) & (e). Because Plaintiff is proceeding in forma pauperis, the undersigned conducted an initial review of his complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed Plaintiff's claims under the TCIA on the basis that there is no private right of action under that statute. Docket No. 12. The Court also found that Plaintiff had failed to allege sufficient facts to raise a plausible inference that any of the named defendants except the National Loan Center had violated the TCPA and on that basis dismissed the remaining claims with leave to amend.

Subsequently, Plaintiff filed an amended complaint dropping the TCIA claims and alleging additional facts about Lendio Inc.,[2] Businessbounce.com and Jason Katz in support of his TCPA claim to show that these defendants were responsible for the robocalls he received. Docket No.

---

[1] Plaintiff has already filed a request to appear by telephone at the May 26, 2017 hearing. *See* Dkt. No. 86. The Court GRANTS Plaintiff's request and will contact Plaintiff at the number listed in his request for the May 26, 2017 Case Management Conference. Plaintiff need not contact the Court unless he wishes to appear in person at the Case Management Conference.

[2] In the original complaint, Plaintiff alleged that Lendio.com was a website operated by Lendio, Inc. *See* Complaint ¶ 12. In his amended complaint, Plaintiff did not assert any claims against Lendio.com, naming only Lendio, Inc. as a defendant. *See* FAC ¶ 10.

18. The Court found that the allegations in Plaintiff's amended complaint were sufficient survive the Court's initial review and ordered the U.S. Marshal to serve the amended complaint on all of the defendants named in the amended complaint.

The U.S. Marshal served Lendio, Inc. on April 22, 2016. Docket No. 48. Lendio, Inc. was subsequently dismissed from the action without prejudice. Docket No. 59 (May 27, 2016 CMC Minutes). After the Marshal was unable to serve Katz at the Utah address alleged in the original complaint, Brosnan provided what appears to be a business address for "Broadview Networks" in Melville New York for Jason Katz. Docket Nos. 46, 53. The U.S. Marshal served the complaint at that address on July 15, 2016, leaving it with someone named "John Giovanni." Docket No. 63. The Marshal was unable to serve National Loan Center and Businessbounce at the addresses Plaintiff provided and the Court dismissed those defendants for failure to serve on August 16, 2016. Docket No. 68. Defendant Katz failed to answer or appear in this action and on September 6, 2016 the Clerk entered his default. Docket No. 69. Plaintiff filed his Default Judgment Motion on November 9, 2017.

At the February 24, 2017 hearing on Plaintiff's Default Judgment Motion, the Court expressed concern that service on Katz at the Broadview Networks address may not have been proper. Rule 4(a)(e) allows an individual to be served by delivering it personally to the individual, leaving "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or by delivering a copy of the complaint to an authorized agent. Fed. R. Civ. P. 4(e)(2). Alternatively, service may be made pursuant to "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. C. P. 4(e)(1). Thus, service on Katz could be made under New York or California law.

New York law allows for service on an individual at that individual's "actual place of business" but such service is only valid if the summons is delivered to the individual's business address and thereafter sent by First Class mail to that same address. *See* N.Y. C.P.L.R. 308. Similarly, California law permits an individual to be served at his or her "usual place of business," but also requires that a copy of the summons and complaint must be sent by First Class mail after

3

the summons and complaint have been delivered to that address. *See* Cal. Civ. Proc. Code § 415.20. Here, there was no evidence in the record establishing that the Broadview Network address was Katz's "actual" or "usual" place of business. Nor was there any evidence in the record that after leaving a copy of the complaint and summon at that address the U.S. Marshal mailed a copy of the complaint and summons to that address by First Class mail.

In order to determine whether service on Katz had been proper, the Court requested further information from the United States Marshal. Subsequently, the Court was informed that the Marshal had re-served Defendant Katz – this time by personally delivering a copy to Katz, as is permitted under Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure ("an individual . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally"). *See* Docket No. 83 (Process Receipt and Return reflecting that Katz was personally served on April 10, 2017).

On April 24, 2017, Katz appeared in this action for the first time, filing an opposition brief on the Default Judgment Motion and asking the Court to vacate the default in his Motion to Set Aside Default. Katz represents that he was not aware of this lawsuit until early April 2017, when he was personally served with the complaint and summons. Motion to Set Aside Default at 2. He also denies responsibility for placing the calls that are the subject of Brosnan's complaint. *Id*. According to Katz, these calls were "marketing leads" provided by other entities (including former defendants Lendio and Business Bounce) that were simply routed to Katz's desk. *Id*.

### III. ANALYSIS

Rule 55(c) allows the Court to "set aside an entry of default for good cause." "'Failure to properly serve a defendant with process pursuant to Fed. R. Civ. P. 4 constitutes good cause to set aside an entry of default.'" *McKinney v. Apollo Grp. Inc.*, No. 07CV2373 WQH (CAB), 2008 WL 11318288, at *4 (S.D. Cal. July 23, 2008) (quoting *Koninklijke Philips Elecs. N. V. v. KXD Tech., I*nc., 245 F.R.D. 470, 472 (C.D. Cal. 1992)). While the court has broad discretion in deciding whether to set aside the entry of default pursuant to Rule 55(c), there is a strong preference for trial on the merits, and any doubts should be resolved in favor of setting aside the default. *Id*.

Here, there is insufficient evidence in the record to determine whether the original attempt

4

to serve Katz at the Broadview Networks address was proper; the only evidence in the record (the process receipt and return filed on July 26, 2016) suggests that it was not. *See* Dkt. No. 63. In addition, Katz states that until the Marshal re-served the Complaint and summons in April 2017 he was unaware of the action. The Court therefore finds good cause to vacate the default and deny the Default Judgment Motion.

**IV. CONCLUSION**

The Motion to Set Aside Default is GRANTED. The Default Judgment Motion is DENIED. A Case Management Conference shall be held on May 26, 2017 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: May 18, 2017

JOSEPH C. SPERO
Chief Magistrate Judge